**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: September 30 2009

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-31924 |
| | ) | |
| Linda Combs | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case is before the court on the motion of Attorney Joanna Baron and the Law Offices of Victor Luke, A.P.L.C. ("Law Offices") to file certain documents under seal [Doc. #17] and the United States' Trustee's objection [Doc. # 19]. Attorney Baron is attorney for Debtor in this Chapter 7 case. The instant request to file documents under seal arose from the court's *sua sponte* inquiry, through an order to show cause [Doc. # 7], whether there was a violation of 11 U.S.C. § 504 in the business relationship between Attorney Baron and Law Offices. Attorney Baron and Law Offices indicate that there is not and wish to submit a document to the court under seal to show the nature of the relationship as an of counsel relationship between the lawyer and the entity within the scope of § 504(b)(1). *See* Fed. R. Bankr. P. 9001(10)(defines "regular associate" to include counsel to a firm). The document sought to be filed under

seal is the Of Counsel Agreement between Attorney Baron and Law Offices.[1]

In the bankruptcy context, a right of public access to court records is codified at 11 U.S.C. § 107(a), which provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." *See also* Fed. R. Bankr. P. 9018. The statute contains limited exceptions to the right of public access in bankruptcy cases. 11 U.S.C. § 107(b) and (c). Section 107(b) provides that the bankruptcy court "shall," on request of a party in interest, or "may" on its own motion: (1) protect trade secrets or confidential research, development, or commercial information; and (2) protect persons with respect to scandalous or defamatory matter contained in papers filed with the court. There are two issues in this case. Are Attorney Baron and Law Offices parties in interest? Are the Of Counsel Agreement and other documents confidential development or commercial information?

The term "party in interest" is not defined in the Bankruptcy Code. Generally encompassing all persons whose pecuniary interests are directly affected by the outcome of the controversy, *In re Citi-Toledo Partners II,* 254 B.R. 155, 163 (Bankr. N.D. Ohio), a determination must be made on a case by case basis, *In re E.S. Bankest, L.C.*, 321 B.R. 590, 595 (Bankr. S.D. Fla. 2005). Given the Bankruptcy Code's general regulation of a debtor's transactions with attorneys in Section 504 and other Bankruptcy Code sections, including Section 329, and the targeted directive of the court's order to show cause, Attorney for Debtor and Law Offices have a pecuniary interest in overall structuring of their business relationship for purposes of participation in this and other bankruptcy cases in this district that may be directly affected by the outcome of the underlying show cause proceedings. The court finds that they are "parties in interest" for purposes of application of § 107(b) in this case.

Under § 107(b), if information fits any of the specified categories, the court is required to protect the requesting party in interest and has no discretion to deny the application. *Video Software Dealers Ass'n*

---

[1] The motion also sought leave to file under seal Law Office's professional liability insurance policy and the schedule thereto showing the lawyers covered. But at the initial hearing on the underlying show cause order on April 14, 2009, counsel indicated that the policy terms and schedule were not of concern from the standpoint of confidential commercial information. The supporting affidavit, Doc. #26, Att. 1, Aff. of Ronald Smeberg, also does not address any confidentiality concerns as to these documents. The court does not believe the entire policy is relevant, or is at best of marginal relevance to the present inquiry, although the Schedule C would be relevant. The court does not see confidentiality concerns in publically identifying of record professionals associated with Law Offices. The Schedule C shall be filed as a supplemental document to Doc. #13 not under seal. And if counsel still believes that the terms of the policy itself are relevant to the present inquiry, it too shall be filed not under seal. The motion to file under seal will therefore be denied as to these two documents.

2

09-31924-maw    Doc 47    FILED 09/30/09    ENTERED 09/30/09 14:10:30    Page 2 of 5

*v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *In re Waring*, 406 B.R. 763, 768 (Bankr. N.D. Ohio 2009). Movants assert that the Of Counsel Agreement constitutes confidential commercial or development information. In situations involving a debtor's commercial information, courts have defined commercial information as information that would cause "an unfair advantage to competitors by providing the information as to the commercial operations of the debtor." *Id.* at 28(quoting *In re Itel Corp.,* 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). The disclosure of such information must reasonably be expected to cause commercial injury. *In re Altera Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006).

This conception of "confidential commercial information" makes sense in the instant context. While the court has not had the benefit of reviewing the document yet, and cannot confirm the contents of it until it does, Law Offices indicates that it has invested material time, thought and monetary resources, including legal counsel review, in developing a practice model and structure for rendering multi-state legal services to bankruptcy and other clients. [Doc. #26, Att. 1, Aff. of Ronald Smeberg]. Display of the Of Counsel Agreement on the public record would give competitors the ability to lift and use the model developed, and to develop similar or competitive compensation and contractual arrangements, based on Law Offices' model without any investment of their own resources. The court agrees that this description of the agreement and its development fits the conception of confidential commercial information in § 107(b).

The United States Trustee expresses two concerns, that § 107 is not meant to apply in this bankruptcy context but in the Chapter 11 context and that lawyer employment and fee issues are the penultimate subjects of transparency and full disclosure under the Bankruptcy Code and Bankruptcy Rules.

As to the first point, the court simply disagrees. Section 107(b)(1) issues certainly arise most often in the Chapter 11 context because that is where most business cases are adjudicated and thus where research, development and commercial information is frequently involved. But the terms of the statute do not limit its application to business cases or to any particular Chapter of the Bankruptcy Code.

As to the second point, the court certainly agrees with the United States Trustee in principle. But the issue raised here is distinguishable from the regular employment and fee issues confronting the court and parties in interest in bankruptcy cases, which are disinterestedness and the amount and reasonableness of fees paid by a debtor or an estate. Apart from initial disclosure issues that have already been addressed on the record and resolved, there is no issue remaining about the amount of the fees charged to Debtor or the reasonableness thereof, nor is there any disinterestedness issue. Neither the relief sought by Debtor in commencing this case nor her creditors are affected by this inquiry. Rather the issue is the relationship and

3

structure of the fee payee. This court has not previously ever had cause to inquire into a law firm's governing documents or employment arrangements with its professionals in connection with employment or fee issues. The court thus does not see a conflict here either factually or legally with the basic principle of disinterestedness and fee transparency in bankruptcy. Moreover, as noted above and having found that Law Offices is a party in interest and that the information constitutes confidential commercial information, the statute states that the court "shall" protect the entity involved, precluding by its terms court discretion to do anything other than protection of the information, *In re Orion Pictures Corp.*, 21 F.3d at 27. *Cf. In re Waring*, 406 B.R. at 768 (court does retain discretion as to type of protection required).

Based on all of the foregoing reasons and authorities, the court will permit the Of Counsel Agreement document to be filed under seal. Notwithstanding that the document is to be filed under seal, under § 107(c)(3), the United States Trustee is entitled to have full access to the confidential commercial information in issue. Thus, in addition to filing the document under seal, Movants are directed to transmit a copy to the United States Trustee. If, upon review of the sealed documents, the United States Trustee believes that further proceedings are necessary upon either the motion to file under seal or the court's original order to show cause, a request for further hearing shall be filed without disclosure of the protected information.

**IT IS THEREFORE ORDERED** that the motion of Attorney Joanna Baron and the Law Offices of Victor Luke, A.P.L.C. ("Law Offices") to file certain documents under seal [Doc. #17] is **GRANTED** in part and **DENIED** in part as explained above; and

**IT IS FURTHER ORDERED** that the Of Counsel Agreement shall be filed under seal in accordance with the court's Electronic Case Filing (ECF) Administrative Procedures Manual, Sec. III.A. p. 9, on or before **October 16, 2009**; and

**IT IS FURTHER ORDERED** that the Schedule C and any other documents Law Offices seek to submit shall be electronically filed by **October 16, 2009**, as supplements to the April 13, 2009, memorandum at Doc. # 13; and

**IT IS FURTHER ORDERED** that a copy of the filed documents, both those under seal and those not under seal, shall also be transmitted to the United States Trustee on or before **October 16, 2009**; and

**IT IS FURTHER ORDERED** that to the extent the United States Trustee thinks that further proceedings on either the motion to file under seal or the court's original order to show cause are necessary

as a result of its review of the submitted documents, a request for further hearing shall be filed on or before **October 30, 2009**, absent which the court will determine the original order to show cause based on the submitted record. Any such request for hearing shall not reveal any confidential commercial information.
.

5

09-31924-maw    Doc 47    FILED 09/30/09    ENTERED 09/30/09 14:10:30    Page 5 of 5