**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: December 28 2009**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-31924 |
| | ) | |
| Linda Combs | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case is before the court on an Order to Show Cause issued by the court regarding fee sharing between Attorney Joanna Baron and the Law Offices of Victor Luke, A.P.L.C. ("Law Offices"). [Doc. #7].

Attorney Baron is attorney for Debtor in this Chapter 7 case. The court *sua sponte* entered its Order to Show Cause to address whether there was a violation of 11 U.S.C. § 504 in the business relationship between Attorney Baron and Law Offices.

By prior order of the court granting a motion of Attorney Baron and Law Offices, [Doc. # 47], they were permitted to file under seal the alleged of counsel agreement between them, [*see* Doc. #26-1]. The Of Counsel Attorney Agreement between Attorney Baron and Law Offices, dated March 11, 2009, was filed with the court under seal on November 6, 2009. [Doc. # 51;*see* Doc. #26-1]. As further directed by the court, a copy of the Of Counsel Attorney Agreement was transmitted to the United States Trustee. Attorney Baron and Law Offices also filed on November 9, 2009, not under seal, Schedule C to Law Offices' professional

liability insurance policy showing the lawyers covered thereunder. The filed Schedule C includes Attorney Baron in the list of covered attorneys. [Doc. # 52].

The United States Trustee was afforded the opportunity to request, on or before November 30, 2009, a further hearing in response to these filings on the issues raised by the court's original Order to Show Cause. No request for further hearing was filed and the court will determine whether any further action is necessary pursuant to the Order to Show Cause on the existing record.

Section 504(a) of the Bankruptcy Code prohibits certain fee sharing arrangements in bankruptcy. 11 U.S.C. § 504(a). The prohibitions in § 504(a) are subject to the exceptions in § 504(b), including the exception that "a member, partner or regular associate in a professional association, corporation, or partnership may share compensation...with another member, partner, or regular associate in such association, corporation, or partnership, and may share in any compensation or reimbursement received under such section by another member, partner, or regular associate in such association, corporation or partnership." 11 U.S.C. § 504(b)(1). The Federal Rules of Bankruptcy Procedure in turn define the term "regular associate" to mean "any attorney regularly employed by, associated with, or counsel to an individual or firm." Fed. R. Bankr. P. 9001(10).

The court has reviewed both the Of Counsel Attorney Agreement between Attorney Baron and Law Offices, dated March 11, 2009, and Schedule C. The March 11, 2009, date of the Of Counsel Attorney Agreement predates the March 30, 2009, commencement of Debtor's case in this court. The court finds from these documents, including the fact and the terms of the contract and Attorney Baron's inclusion within Law Offices' professional liability insurance policy coverage, that Attorney Baron is "regularly" functioning as "counsel" to Law Offices within the meaning of Rule 9001(10) of the Federal Rules of Bankruptcy Procedure. As such, she is a "regular associate" of the corporation Law Offices to which the exception of § 504(b)(1) applies. Since the exception set forth in § 504(b)(1) applies, the court further finds that there is no prohibited fee sharing between Attorney Baron and Law Offices within the strictures of § 504(a) that has occurred in this case.

**IT IS THEREFORE ORDERED** that cause has been shown as directed by the Court's April 1, 2009, Order to Show Cause. [Doc. # 7]. There is no basis for revocation of Attorney Baron's ECF filing privileges and no further action will be taken or is necessary in response to the court's Order to Show Cause.

.

2

09-31924-maw    Doc 53    FILED 12/28/09    ENTERED 12/28/09 11:29:15    Page 2 of 2